UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 JUL -8 P 1: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA,    )
                             )
       Plaintiff,            )
                             )
vs.                          )   DOCKET NO. CR 03-40011 (NMG)
                             )
JONATHAN CANFIELD,           )   HON. NATHANIEL M. GORTON, USDJ
                             )
       Defendant.            )

**04-40129 NMG**

### MOTION TO CORRECT JUDGMENT FOR CLERICAL ERROR
### OR IN THE ALTERNATIVE FOR CORRECTION OF SENTENCE

NOW COMES the above named Defendant, **JONATHAN CANFIELD**, Pro Se, hereinafter referred to as ("CANFIELD") and hereby files the above captioned Motion and in support states as follows:

1. On January 23, 2004, the Defendant pursuant to a prior plea agreement was sentenced in the above entitled matter.

2. A Judgment of Conviction was entered by the Hon. Nathaniel M. Gorton, United States District Judge on that date wherein CANFIELD was committed to the custody of the Bureau of Prisons for a period of 18 months.

3. The Judgment of Conviction contained the following language on page two: "This term consists of terms of 18 months on each count, to be served concurrently with each other, and <u>consecutively</u> to any term of imprisonment imposed in case number 98-CR-40023." (Underlining added).

4. On May 5, 2004, CANFIELD directed a letter to the Court Reporter [Cheryly Dahlstrom] for Judge Gorton requesting that a copy of the sentencing hearing transcripts for January 23, 2004 be provided. (SEE EXHIBIT "A" ATTACHED).

5. On June 10, 2004, CANFIELD received a copy of the transcripts of the January 23, 2004 sentencing hearing from Ms. Dahlstrom.

-1-

6.  The transcript of the January 23, 2004 Sentencing Hearing on page 13 reflects the following ruling by the Court: "...pursuant to the Sentencing Reform Act of 1984, it is the Judgment of this Court that you, Jonathan Canfield, are hereby committed to the custody of the Bureau of Prisons, to be imprisoned for a term of 18 months, this term consists of terms of 18 months on each count, to be served concurrently with each other and with the term of imprisonment imposed in case No. 98-40023." (SEE EXHIBIT "B" ATTACHED).

7.  The Judgment of Conviction entered on January 23, 2004 did not conform to the oral pronouncement of the Court rendered on that same date.

8.  Prior to the sentencing Hearing, and at the time of the hearing, the Assistant U.S. Attorney, Michael Pelgro re-affirmed the terms of the written plea agreement which on page 4 recited the following:

> "4.  <u>SENTENCE RECOMMENDATION</u>
>
> The U.S. Attorney agrees to recommend the following sentence before the District Court:
> (a) 15 months imprisonment, concurrent with the sentence Canfield is <u>currently serving</u>;"

(SEE EXHIBIT "C" ATTACHED). (Underlining added).

9.  On June 21, 2004, CANFIELD directed a letter to the offices of the U.S. Attorney to the attention of Michael Pelgro seeking a stipulation to correct the above denoted error in the Judgment of Conviction. (SEE EXHIBIT "D" ATTACHED).

10. As of the date of the filing of the instant Motion, no communication has been received by CANFIELD, nor has any action been taken by the offices of the U.S. Attorney to correct the obvious error contained in the written Judgment of Conviction entered on January 23, 2004.

11. The reason for the need to correct the Judgment of Conviction (other than the obvious legal one) is that the BOP has refused to provide "good time" credits to CANFIELD based on the Judgment of Conviction containing provision that his sentence in the above entitled case was "consecutive" to the sentence imposed in Case No. 98-CR-40023 as opposed to concurrent as reflected in the record denoted above. (SEE EXHIBIT "E" ATTACHED).

12. CANFIELD is entitled to good time credits which the BOP has denied him based upon the incorrect Judgment of Conviction and will not authorize those good time credits being applied until advised that a corrected Judgment of Conviction has been entered by the Court.

13. This Court has the authority pursuant to Fed. R. Crim P. 35(a) or Fed. R. Crim. P. 36 to correct the clerical error or omission recited in the Judgment of Conviction.

14. There is no factual or legal justification for a refusal by the U.S. Attorney's Office to the correction of an obvious mistake in the Judgment of Conviction.

15. The Defendant, CANFIELD relies upon the legal authority recited in the accompanying Memorandum in Support of the Motion to Correct Judgment for Clerical Error or in the Alternative for Correction of Sentence.

16. Without the Court's intervention CANFIELD will not be properly credited with earned good time credits and will remain incarcerated beyond the date when he should have been released.

17. The requested relief is both reasonable and just under the facts and circumstances recited above.

WHEREFORE, Defendant **JONATHAN CANFIELD** respectfully requests that this Honorable Court grant the above entitled Motion to Correct Judgment for Clerical Error or in the Alternative For Correction of Sentence. Further, that this Court utilize whatever appropriate Court Rules or statutes available to insure that an Amended Judgment of Conviction be entered in conformity with this Court's oral pronouncement of sentence imposed on January 23, 2004.

DATED:   JULY 7, 2004

RESPECTFULLY SUBMITTED,

*Jonathan Canfield*

JONATHAN CANFIELD
80129-038 UNIT I (CAMP)
FEDERAL MEDICAL CENTER, DEVENS
P.O. BOX 879
AYER, MA. 01432

## CERTIFICATE OF SERVICE

I, JONATHAN CANFIELD, Defendant in the above entitled action hereby certify that on the 7th day of July, 2004, I placed a copy of the Motion to Correct Judgment for Clerical Error or in the Alternative for Correction of Sentence in the mail box located at the Federal Medical Center at Camp Devens in Ayer, Massachusetts in an envelope sent first class mail with postage pre-paid and addressed to:

| | | |
|---|---|---|
| HON. NATHANIEL M. GORTON | MICHAEL PELGRO | GOULD & ETTENBERG, P.C. |
| UNITED STATES DISTRICT JUDGE | ASST. U.S. ATTORNEY | ATTORNEYS AT LAW |
| DISTRICT OF MASSACHUSETTS | DISTRICT OF MASSACHUSETTS | 370 MAIN STREET |
| 595 MAIN STREET | 1 COURTHOUSE WAY | WORCESTER, MA. 01608 |
| WORCESTER, MA. 01608-2076 | SUITE 9200 | ATTN: PETER L. ETTENBERG |
| ATTN: CLERK OF THE COURT | BOSTON, MA. 02210 | |

DATED:   JULY 7, 2004

RESPECTFULLY SUBMITTED,

*Jonathan Canfield*

JONATHAN CANFIELD
80129-038 UNIT I (CAMP)
FEDERAL MEDICAL CENTER, DEVENS
P.O. BOX 879
AYER, MA. 01432

May 5, 2004

Hon. Nathaniel M. Gorton
United States District Judge
District of Massachusetts
595 Main Street
Worcester, MA.  01680-2076

ATTN:   Court Reporter

RE:     United States v. Canfield
        Criminal File # 03-CR-40111-NMG

Dear Madam/Sir:

I am presently an inmate at the Federal Medical Center at Camp Devens in Ayer, Massachusetts. I am in need of a copy of the sentencing hearing transcripts which took place on January 23, 2004 in reference to the above entitled case.

I would appreciate your apprising me of what the costs of those transcripts would be and how soon they can be mailed to me. My attorney Peter Ettenberg Telephone No. 508-752-6733 can be contacted and advised of the amount and my daughter will deliver the required fees to his office for payment to you to secure a copy of those transcripts.

There is a sense of urgency in connection with the receipt of those transcripts since it involves the calculation of good time credits based on Judge Gorton's sentence that was imposed. After receipt of the costs of the transcripts, please forward them to me at the address noted below.

To insure prompt receipt of the transcripts please mark the envelope: **"LEGAL MAIL-APPROVED BY BOP POLICY."**

Thank you for your immediate attention and cooperation in this regard.

Sincerely,


JONATHAN CANFIELD
80129-038 UNIT I (CAMP)
FEDERAL MEDICAL CENTER, DEVENS
P.O. BOX 879
AYER, MA. 01432

cc:     Peter L. Ettenberg
        Ashleigh Carrasquillo


*** EXHIBIT "A" ***

1

```
 1              UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
 2

 3

 4   UNITED STATES OF AMERICA    )
                                 )
 5                               )
     vs.                         )   CR NO. 03-40011
 6                               )
                                 )
 7   JONATHAN CANFIELD           )

 8

 9   BEFORE:  The Honorable Nathaniel M. Gorton

10
                            DISPOSITION
11

12   APPEARANCES:

13       OFFICE OF THE UNITED STATES ATTORNEY (By Michael
         Pelgro, AUSA), One Courthouse Way, Boston,
14       Massachusetts 02210.  On behalf of the Government.

15       GOULD & ETTENBERG, P.C. (By Peter L. Ettenberg, Esq.),
         370 Main Street, Worcester, Massachusetts 01608.  On
16       behalf of the Defendant.

17

18                          United States District Court
                            Courtroom No. 2
19                          595 Main Street
                            Worcester, MA 01608
20                          Friday, January 23, 2004
                            3:20 P.M.
21

22
                        Cheryl Dahlstrom
23                    Official Court Reporter
                   United States District Court
24                 595 Main Street, Room 514
                     Worcester, MA 01608-2076
25         Mechanical Steno - Transcript by Computer
```

*** EXHIBIT "B" ***

1  is a recurrence, if you are ever back before me or, for that
2  matter, any other judge in this district or a United States
3  district judge anywhere, on another drug offense, you will be
4  going to jail for probably the rest of your life.  Three
5  strikes and you're out.  I think you've heard about it.  And
6  it will definitely apply in your case.
7  	Therefore, I sincerely hope that this program at
8  Devens will do what nobody else has been able to do previously
9  in regard to your ability to stay free from additional crimes.
10 	Having said that, pursuant to the Sentencing Reform
11 Act of 1984, it is the judgment of this Court that you,
12 Jonathan Canfield, are hereby committed to the custody of the
13 Bureau of Prisons, to be imprisoned for a term of 18 months.
14 This term consists of terms of 18 months on each count, to be
15 served concurrently with each other and with the term of
16 imprisonment imposed in Case No. 98-40023.
17 	It is the recommendation of this Court that you be
18 incarcerated in the Fort Devens facility and continue to be
19 enrolled in the residential drug and alcohol program at that
20 facility.
21 	Upon release from imprisonment, you shall be placed
22 on supervised release for a term of six years.  This term
23 consists of terms of six years on Count 1 and four years on
24 Count 2, such terms to run concurrently.
25 	Within 72 hours of release from custody of the Bureau

1   C E R T I F I C A T E

4       I, Cheryl Dahlstrom, Official Reporter of the United
5   States District Court, do hereby certify that the foregoing
6   transcript, from Page 1 to Page 15, constitutes, to the best
7   of my skill and ability, a true and accurate transcription of
8   my stenotype notes taken in the matter of Criminal Action No.
9   03-40011, United States of America vs. Jonathan Canfield.

15      *Cheryl Dahlstrom* (signature)

**Guideline Sentencing Range**

Based on the above calculations, the parties agree to take the position that the applicable Guideline Sentencing Range ("GSR") is 15-21 months' imprisonment.

4. **Sentence Recommendation**

The U.S. Attorney agrees to recommend the following sentence before the District Court:

 (a) 15 months' imprisonment, concurrent with the sentence that Canfield is currently serving;

 (b) A fine at the low end of the applicable fine range unless the Court finds, pursuant U.S.S.G. § 5E1.2(e), that Canfield is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

 (c) A term of supervised release of at least 6 years;

 (d) Forfeiture as set forth in paragraph 8; and

 (e) A mandatory special assessment of $200.

The U.S. Attorney reserves the right to modify its sentence recommendation in the event that the Court determines that the applicable GSR is higher than 15-21 months' imprisonment.

The U.S. Attorney and Canfield agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Canfield will seek a departure on any ground from the Sentencing Guidelines. The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should Canfield's prior federal drug conviction be vacated subsequent to the execution of this Agreement.

In the event of an appeal from, or collateral challenge to, Canfield's sentence, the U.S. Attorney reserves his right to argue the correctness of Canfield's sentence and the manner in which the District Court determines it.

*** EXHIBIT "C" ***

June 21, 2004

Michael Pelgro
Asst. U.S. Attorney
District of Massachusetts
One Courthouse Way
Suite 9200
Boston, MA. 02210

RE:  USA v. Jonathan Canfield
     Criminal File # 03-40011

Dear Mr. Pelgro:

I am writing this letter in reference to the above noted case. I have recently purchased a copy of the transcript of the proceedings which took place on January 23, 2004 at which time the Hon. Judge Nathaniel M. Gorton sentenced me in connection with prior plea agreement that had been reached regarding this case.

I am enclosing a copy of the entire transcript for your records. I am asking that you examine page 13 of the transcript where Judge Gorton sentenced me to 18 months imprisonment on each count to be served **concurrently** with each other and with the term of imprisonment **imposed** in Case No. 98-40023.

After you have examined the transcript you will turn to the Judgment of Conviction which states that the sentence is **consecutive** to the sentence imposed in case No. 98-40023. This error has resulted in the BOP refusing to provide me with appropriate good time credits which will delay my release by approximately 70 days.

After you have had the opportunity to review these documents I believe that you will concur in the position that I am taking, that is there should be a corrected or Amended Judgment of Conviction entered to take care of this apparent clerical error. I would like to accomplish this without the need for filing a Motion with the Court. I would like to enter into some type of stipulation to have this matter resolved as soon as possible.

Please notify me in writing if this is acceptable to your offices. Thank you for your immediate attention to this request.

Sincerely,


JONATHAN CANFIELD
80129-038 UNIT I (CAMP)
FEDERAL MEDICAL CENTER, DEVENS
P.O. BOX 879
AYER, MA. 01432

Encl.  Copy of Transcript 1/23/04

\*\*\* EXHIBIT "D" \*\*\*

cc:   Peter L. Ettenberg, Esq.

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) I.S.M. | DATE: MARCH 30, 2004 |
|---|---|
| FROM: JONATHAN CANFIELD | REGISTER NO.: 80129-038 |
| WORK ASSIGNMENT: ADMIN. ORDERLY | UNIT: CAMP |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

TO I.S.M. DEPARTMENT:

ON OCTOBER 9, 2002 I was sentenced to 18 months incarceration in Case # 4-98CR-401123-001, which was served at F.M.C.Devens. Before my release date I was sentenced in a second case (new charge) on January 23, 2004 to an additional 18 months in Case # 4-03CR-40111-01, to serve an additional 18 months to run concurrent from January 23, 2004 with the first sentence.

During my first team meeting at Camp Devens it was brought to my attention that the good time credits based on my initial 15+months served on the original sentence has not been calculated toward my ultimate release date. I am requesting that the approximate 60+ days from the sentence imposed in the first case recited above be added to my total good time. Please provide me with a written statement or a Computation Data Sheet reflecting those credits and my release date.

JOHN CANFIELD                    (Do not write below this line)

---

DISPOSITION: Read the now committed portion of your imprisonment section of your Judgement carefully. The only things running concurrent to each other are the specific counts. (Specifically 1&2) Then it goes on to say consecutively (after) any term of imprisonment imposed in case #98-CR-40003

Signature Staff Member                        Date 5/4/04

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)        This form replaces BP-148.070 dated Oct 86
                                             and BP-S148.070 APR 94

*** EXHIBIT "E" ***