UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUL -8 P 1:23

UNITED STATES OF AMERICA, )
)
Plaintiff, )
) DOCKET NO. CR-03-40011 (NMG)
vs. )
) HON. NATHANIEL M. GORTON, USDJ
JONATHAN CANFIELD, )
)  **04-40129NMG**
Defendant )

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CORRECT JUDGMENT FOR
CLERICAL ERROR OR IN THE ALTERNATIVE FOR CORRECTION OF SENTENCE**

NOW COMES the above named Defendant, **JONATHAN CANFIELD**, Pro Se and hereby submits his Memorandum of Law in Support of his Motion to Correct Judgment for Clerical Error or in the Alternative for Correction of Sentence and states as follows:

**FACTS**

The facts pertaining to the instant matter are outlined in the accompanying Motion. Defendant has made every effort to recite the facts as accurately as possible for the Court. As a result of the BOP's refusal to properly calculate his good time credits due to the error which appears on the face of the Judgment of Conviction entered on January 23, 2004, he has been required to bring the instant Motion. As denoted, Defendant has made an effort to resolve this matter without Court involvement, but to no avail. Thus the necessity for the submission of the Motion which is straight-forward and should be granted.

**LEGAL AUTHORITY**

Rule 36 of the Federal Rules of Criminal Procedure- Clerical Error provides as follows:

-1-

>"After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." (1)

This Court has the authority to correct the Judgment of Conviction in the instant case so that it conforms to the oral pronouncement it made on January 23, 2004. The reason for this is established in the context of Rule 36's twin, Federal Rule of Civil Procedure 60(a). A Clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." **United States v. Guevremont,** 828 F2d 423, 426 (3rd Cir. 1987), citing **Dura-Wood Treating Co. v. Century Forest Indus.**, 694 F2d 11, 114 (5th Cir. 1982). This definition of a clerical error is equally applicable in the context of Fed. R. Crim P. 36. See **3 C. Wright, Federal Practice and Procedure §611 (1982).**

It is clearly established that the oral sentence which is imposed by a court constitutes the judgment of the court, and which is the authority for the execution of the court's sentence. **United States v. Werber,** 51 F3d 342, 347 (2d cir. 1995). The oral sentence controls. **United States v. Pagan,** 785 F2d 378, 380 (2d Cir. 1986). Rule 36 authorizes a district judge, at any time to amend the written judgment so that it conforms with the oral sentence which the court has pronounced. Rule 36 does not permit an amendment of the oral sentence. **United States v. DeMartino,** 112 F3d 75, 81 (2d Cir. 1997).

---
(1) Although, Rule 36 has been amended, the latest version is similar in relevant part to the prior versions upon which much of the authority presented in this Memorandum relied in disposing of requests for corrections of clerical mistakes. See **United States v. Morales**, 108 F3d 1213, 1224 (10th Cir. 1997).

Rule 36 was intended to allow for the correction of clerical errors, not to allow reassessment of the merits of an earlier decision after the time for reconsideration or an appeal has elapsed. **United States v. Jones, 608 F2d 386, 389 (9th Cir. 1979).** It is not a vehicle for the vindication of the court's unexpressed sentencing expectations or for the correction of errors by the court itself. **United States v. Daddino, 5 F3d 262, 264 (th Cir. 1993)**

It can clearly be discerned that a mistake was made in the written judgment which did not conform to the oral statement by the Court in the instant case. All of the facts leading up to the sentencing hearing point to the understanding that the sentence imposed in **this case** would be **concurrent** with the previous sentence imposed upon CANFIELD.

There is no request by the Defendant for a sentence modification. He is asking that the Court take an act to correct the sentence which was recited in the written judgment which does not comport with the oral statement on the record of January 23, 2004. See **United States v. Lopez, 26 F3d 512, 515-16 fn. 5 (5th cir. 1994).**

There is no time limit as to when a district court can invoke Rule 36 to correct clerical errors. **United States v. Hovsepian, 307 F3d 922, 934 (9th Cir. 2002).** The Defendant has moved as promptly as was possible after ascertaining that such a clerical error had been made in the Judgment of Conviction. Every effort was made to contact counsel for the Government to determine whether a stipulation could be reached. When none was forthcoming Defendant proceeded with the filing of the instant Motion.

Finally, although there are time constraints involved, this Court has inherent authority under Fed. R. Crim P. 35(a) in correcting a sentence when clear error is involved.

## CONCLUSION

Based upon the facts recited in the accompanying Motion and the legal authority presented by the Defendant, this Honorable Court should enter an Amended judgment of Conviction wherein the provision which appears on page 2 of the Judgment is Amended to replace the word **"consecutively"** with the word **"concurrently"** so that it conforms to the oral ruling of the Court on January 23, 2004. That such an Amended judgment should be entered as soon as possible and that copies be directed to Defendant, Counsel for the Government and that a **CERTIFIED COPY** of the Amended Judgment be directed to the Bureau of Prisons Federal Medical Center, Devens P.O. Box 880 Ayer, Massachusetts 01432 ATTN: DAVID L. WINN, WARDEN.

DATED: JULY 7, 2004

RESPECTFULLY SUBMITTED,

*Jonathan Canfield*

JONATHAN CANFIELD
80129-038 UNIT I (CAMP)
FEDERAL MEDICAL CENTER, DEVENS
P.O. BOX 879
AYER, MA. 01432

## CERTIFICATE OF SERVICE

I, JONATHAN CANFIELD, hereby certify that on the 7th day of july, 2004, I placed a copy of the Memorandum of Law in support of the Motion to Correct Judgment for Clerical error or in the Alternative For Correction of Sentence in the mail box at the Federal Medical Center at Camp Devens in Ayer, Massachusetts, in an envelope sent first-class mail with postage pre-paid and addressed to:

| | | |
|---|---|---|
| HON. NATHANIEL M. GORTON<br>UNITED STATES DISTRICT JUDGE<br>595 MAIN STREET<br>WORCESTER, MA. 01608-2076<br>ATTN: CLERK OF THE COURT | MICHAEL PELGRO<br>ASST. U.S. ATTORNEY<br>1 COURTHOUSE WAY<br>SUITE 9200<br>BOSTON, MA. 02210 | GOULD & ETTENBERG, P.C.<br>ATTORNEYS AT LAW<br>370 MAIN STREET<br>WORCESTER, MA. 01608<br>ATTN: PETER L. ETTENBERG |

DATED: JULY 7, 2004

RESPECTFULLY SUBMITTED,

*Jonathan Canfield*

JONATHAN CANFIELD
80129-038 UNIT I (CAMP)
FMC DEVENS   P.O. BOX 879
AYER, MA. 01432