November 26, 2004

Hon. Nathaniel M. Gorton
United States District Judge
District of Massachusetts
595 Main Street
Worcester, MA. 01680-2076

RE: United States v. Jonathan Canfield
    Docket No. CR-03-40011 (NMG)
    Docket No. 04-40129 (NMG)

Dear Judge Gorton:

I am writing this letter as a follow up to the communication which I directed to the Court on November 4, 2004 in reference to the above noted matter.

Initially, I would like to bring to the Court's attention what I respectfully suggest is an erroneous designation of the pleading which I filed with the Court and which was date-stamped July 8, 2004. The Court Clerk apparently accepted my Motion and assigned to it the designation as a Motion filed pursuant to 28 USC §2255. It is **not** a Motion filed under §2255 alleging ineffective assistance of counsel or constitutional errors relating to the entry of my Judgment of Conviction.

The Motion which I filed on July 8, 2004, as the content of the pleadings including the Memorandum filed in Support, seeks under Fed. R. Crim P. 35(a) and Fed. R. Crim. P. 36 to **correct** my Judgment of Conviction based on a clerical error. There is no request for a sentence modification, or the setting aside of the Judgment. As the pleadings clearly indicate, the Judgment of Conviction erroneously contains a provision that it is **consecutive** to the sentence imposed in Case No. 98-CR-40023. Further, as the attachments to the Motion clearly show, the plea agreement and the transcripts of the sentencing proceedings before the Court establish that my sentence was to be **concurrent** with the sentence imposed in 98-CR-40023.

The purpose of this letter is to explain why for a significant number of reasons this Court should act with dispatch in deciding the Motion.

First, **prior** to my submission of the Motion, I sought concurrence from Mr. Pelgro as to the correction of the Judgment. Even though his office had a duty and responsibility to resolve this matter before I filed the Motion, and certainly should have acknowledged the validity of my position, when no response was forthcoming I filed the Motion with the Court.

Copies of the letters and pleadings were also directed to Mr. Ettenberg, the attorney who had represented me at the plea and sentencing hearings. Both Mr. Pelgro and Mr. Ettenberg could have at some convenient time approached the Court with this matter without the need of involving the Court and taking up its valuable time with a simple matter. Unfortunately this did not occur.

Page Two
Letter Dated: November 26, 2004
TO: Hon. Nathaniel M. Gorton, USDJ

Second, the issue of the erroneous content of my Judgment of Conviction affects my good time credits, the date I would be assigned to a half-way house, and ultimately the date I am released from custody. There is no reason for the delay in resolving the Motion. I am fully aware that the Court has a busy schedule. However, my freedom is important to me. The nature of the Motion is a simple one to decide. I respectfully request that the Court review the pleadings and either direct the Government to respond to the Motion or rule on it as soon as possible. Anything less would constitute on the Government's part a breach of the plea agreement which I executed in good faith and further would deny me relief under the appropriate rules recited above.

In addition, if the Court still decides to cast my papers as filed under §2255, an Order should be directed to the Government to submit their Reply. I am certain that upon review of the filing of July 8, 2004, it will become clear to the Court that my rights are being undermined by the Government's failure to acknowledge or independently move to correct the erroneously entered Judgment of Conviction.

Finally, and of most importance to me personally, is that **if** in fact I am correct in my position, and I am **not released** from custody on a timely basis, I will in all likelihood miss my daughter's high school graduation. I know that the Court is sensitive to the plight of prisoner's upon their release. I only ask that this sensitivity reach to a level of acting to correct an obvious clerical error with respect to the content of my Judgment of Conviction.

I thank the Court in advance for any effort at expeditiously resolving the above recited matter.

Sincerely,

*Jonathan Canfield*

JONATHAN CANFIELD
80129-038 UNIT I (CAMP)
FEDERAL MEDICAL CENTER DEVENS
P.O. BOX 879
AYER, MA. 01432

cc:   Clerk of the Court/District of Massachusetts
      Michael Pelgro, AUSA
      Peter L. Ettenberg, Esq.