UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | DOCKET NO. CR-03-40011 (NMG) |
| ) | |
| JONATHAN CANFIELD, ) | CIVIL DOCKET NO. 04-40129 (NMG) |
| Defendant. ) | |
| ) | HON. NATHANIEL M. GORTON, USDJ |

**MOTION FOR SUMMARY JUDGMENT**

NOW COMES the above named DEFENDANT, JONATHAN CANFIELD, Pro Se, and pursuant to FRCP 56(c) files this Motion for Summary judgment and states that there are no genuine issues of material fact and that he is entitled to a judgment as a matter of law, and in support of said Motion states as follows:

1. On July 8, 2004, the Defendant, JONATHAN CANFIELD filed a Motion to Correct Judgment for Clerical Error or in the Alternative for Correction of Sentence in reference to the above noted matter.

2. As evidenced from the files and records from the Clerk's Office, the case was docketed as a proceeding brought under 28 USC §2255 and given a Docket No. 04-cv-40129 (NMG). **(SEE EXHIBIT "A" ATTACHED).**

3. As of the date of the filing of this Motion no response has been forthcoming from the Government.

4. As further evidenced from the pleadings filed by the Defendant, the Motion relied upon for the relief sought, Fed. R. Crim P. 35(a) and/or Fed. R. Crim. P. 36 in seeking to correct a clerical error or omission which was reflected in the Judgment of Conviction entered in Criminal File No. CR-03-40011 (NMG).

5. As reflected by the Certificate of Service which was made a part of the Motion and Exhibits attached, copies of the pleadings were directed to the Offices of the U.S. Attorney in Boston, Massachusetts to the attention of Michael Pelgto, AUSA, to Peter Ettenburg, counsel representing the Defendant, and to the Clerk of the Court for the Hon. Nathaniel M. Gorton, USDJ.

6. No action has been taken by the Court or by the Government since the pleadings were filed with the Court on July 8, 2004.

7. On November 26, 2004, Defendant directed a letter to the Hon. Nathaniel M. Gorton asking that the Court direct the Government to respond to the Motion filed on July 8, 2004. **(SEE EXHIBIT "B" ATTACHED)**

Whether the Court construes the Motion filed on July 8, 2004 as one brought under 28 USC §2255 or one brought under Fed. R. Crim P. 35(a) or under Fed. R. Crim P. 36, there are no facts that are in dispute and the allegations recited in the Motion should be taken as true and that this Court should enter a Judgment in his favor as a matter of law.

8. Defendant has made several efforts to obtain concurrence in the relief sought, and to try and resolve the issue before the Court without the necessity of the submission of the Motion filed on July 8, 2004, but there has been no response forthcoming from the Government.

9. The relief sought for in the Motion filed on July 8, 2004 is proper and just and reasonable under the circumstances.

10. Defendant relies upon the facts and legal authority in the Memorandum of Law accompanying the instant Motion for Summary Judgment.

WHEREFORE, Defendant, JONATHAN CANFIELD respectfully requests the following relief:

(a) That a Judgment be entered pursuant to FRCP 56(c) as a matter of law directing that the Judgment of Conviction imposed on January 23, 2004 and entered on February 6, 2004 be corrected to reflect that the term of imprisonment run **concurrently with case number 98-CR-40023** as opposed to **consecutively** which is contrary to the plea agreement executed between the parties and does not reflect accurately the order from the bench on January 23, 2004;

(b) In the event that this Court construes the Motion filed on July 8, 2004 to be one submitted pursuant to 28 USC §2255, that the Court make the determination that there are no genuine issues of material fact and that the Defendant, JONATHAN CANFIELD is entitled to a Judgment as a matter of law, and that the Judgment of Conviction be corrected to reflect that the sentence imposed run concurrent to the term of imprisonment entered in case number 98-CR-40023.

(c) That the Court grant whatever further relief that it deems just and appropriate under the circumstances.

DATED: DECEMBER 30, 2004

RESPECTFULLY SUBMITTED,

*Jonathan Canfield*
JONATHAN CANFIELD
80129-038 UNIT I (CAMP)
FEDERAL MEDICAL CENTER DEVENS
P.O. BOX 879
AYER, MA. 01432

# United States District Court
## District of Massachusetts (Worcester)
## CIVIL DOCKET FOR CASE #: 4:04-cv-40129-NMG

Canfield v. United States of America
Assigned to: Judge Nathaniel M. Gorton
Referred to:
Demand: $
Lead Docket: None
Related Cases: 4:03-cr-40011-NMG
Case in other court: None
Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc

Date Filed: 07/08/04
Jury Demand: None
Nature of Suit: 510 Prisoner: Vacate Sentence
Jurisdiction: U.S. Government Defendant

**Petitioner**
-------------------------

**Jonathan Canfield**    represented by    **Jonathan Canfield**
80129-038
1
Federal Medical Center, Devens
PO Box 879
Ayer, MA 01432
PRO SE

V.

**Respondent**
-------------------------

**United States of America**

| Filing Date | # | Docket Text |
|---|---|---|
| 07/08/2004 | 1 | MOTION to Correct Judgment for Clerical Error, or in the Alternative, for Correction of Sentence by Jonathan Canfield, c/s. (Hassett, Kathy) (Entered: 07/08/2004) |
| 07/08/2004 | 2 | MEMORANDUM OF LAW in Support re 1 MOTION to Correct filed by Jonathan Canfield, c/s. (Hassett, Kathy) (Entered: 07/08/2004) |

*** EXHIBIT "A" ***

November 26, 2004

Hon. Nathaniel M. Gorton
United States District Judge
District of Massachusetts
595 Main Street
Worcester, MA. 01680-2076

FILED
IN CLERKS OFFICE
2004 NOV 29 P 1: 03
U.S. DISTRICT COURT
DISTRICT OF MASS.

RE:   United States v. Jonathan Canfield
      Docket No. CR-03-40011 (NMG)
      Docket No. 04-40129 (NMG)

Dear Judge Gorton:

I am writing this letter as a follow up to the communication which I directed to the Court on November 4, 2004 in reference to the above noted matter.

Initially, I would like to bring to the Court's attention what I respectfully suggest is an erroneous designation of the pleading which I filed with the Court and which was date-stamped July 8, 2004. The Court Clerk apparently accepted my Motion and assigned to it the designation as a Motion filed pursuant to 28 USC §2255. It is **not** a Motion filed under §2255 alleging ineffective assistance of counsel or constitutional errors relating to the entry of my Judgment of Conviction.

The Motion which I filed on July 8, 2004, as the content of the pleadings including the Memorandum filed in Support, seeks under Fed. R. Crim P. 35(a) and Fed. R. Crim. P. 36 to **correct** my Judgment of Conviction based on a clerical error. There is no request for a sentence modification, or the setting aside of the Judgment. As the pleadings clearly indicate, the Judgment of Conviction erroneously contains a provision that it is **consecutive** to the sentence imposed in Case No. 98-CR-40023. Further, as the attachments to the Motion clearly show, the plea agreement and the transcripts of the sentencing proceedings before the Court establish that my sentence was to be **concurrent** with the sentence imposed in 98-CR-40023.

The purpose of this letter is to explain why for a significant number of reasons this Court should act with dispatch in deciding the Motion.

First, **prior** to my submission of the Motion, I sought concurrence from Mr. Pelgro as to the correction of the Judgment. Even though his office had a duty and responsibility to resolve this matter before I filed the Motion, and certainly should have acknowledged the validity of my position, when no response was forthcoming I filed the Motion with the Court.

Copies of the letters and pleadings were also directed to Mr. Ettenberg, the attorney who had represented me at the plea and sentencing hearings. Both Mr. Pelgro and Mr. Ettenberg could have at some convenient time approached the Court with this matter without the need of involving the Court and taking up its valuable time with a simple matter. Unfortunately this did not occur.

*** EXHIBIT "B" ***

Page Two
Letter Dated: November 26, 2004
TO: Hon. Nathaniel M. Gorton, USDJ

Second, the issue of the erroneous content of my Judgment of Conviction affects my good time credits, the date I would be assigned to a half-way house, and ultimately the date I am released from custody. There is no reason for the delay in resolving the Motion. I am fully aware that the Court has a busy schedule. However, my freedom is important to me. The nature of the Motion is a simple one to decide. I respectfully request that the Court review the pleadings and either direct the Government to respond to the Motion or rule on it as soon as possible. Anything less would constitute on the Government's part a breach of the plea agreement which I executed in good faith and further would deny me relief under the appropriate rules recited above.

In addition, if the Court still decides to cast my papers as filed under §2255, an Order should be directed to the Government to submit their Reply. I am certain that upon review of the filing of July 8, 2004, it will become clear to the Court that my rights are being undermined by the Government's failure to acknowledge or independently move to correct the erroneously entered Judgment of Conviction.

Finally, and of most importance to me personally, is that **if** in fact I am correct in my position, and I am **not released** from custody on a timely basis, I will in all likelihood miss my daughter's high school graduation. I know that the Court is sensitive to the plight of prisoner's upon their release. I only ask that this sensitivity reach to a level of acting to correct an obvious clerical error with respect to the content of my Judgment of Conviction.

I thank the Court in advance for any effort at expeditiously resolving the above recited matter.

Sincerely,

*Jonathan Canfield*

JONATHAN CANFIELD
80129-038 UNIT I (CAMP)
FEDERAL MEDICAL CENTER DEVENS
P.O. BOX 879
AYER, MA. 01432

cc: Clerk of the Court/District of Massachusetts
    Michael Pelgro, AUSA
    Peter L. Ettenberg, Esq.