UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>vs.<br><br>JONATHAN CANFIELD,<br>        Defendant. | DOCKET NO. CR-03-40011 (NMG<br><br>CIVIL DOCKET NO. 04-40129 (NMG)<br><br>HON. NATHANIEL M. GORTON, USDJ |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

NOW COMES the above named Defendant JONATHAN CANFIELD, Pro Se and respectfully submits the following Memorandum of Law in Support of Defendant's Motion for Summary Judgment.

I. <u>INTRODUCTION</u>

On January 23, 2004, the Hon. Nathaniel M. Gorton, USDJ imposed a sentence upon the Defendant which was codified into a Judgment of Conviction on February 6, 2004.

Pursuant to the terms and conditions of a plea agreement which had been executed between the Defendant and the Government, the sentence of 18 months in custody was to be served **concurrently** with a term of imprisonment which had been imposed in Case No. 98-CR-40023.

The actual written provision that appears in the Judgment of Conviction states that the terms of imprisonment are to be served **consecutively.** As a result of this clerical error the Bureau of Prisons has calculated the good time credits for the Defendant in such a way to have reduced those credits of upwards of 70 days.

Defendant Canfield filed a Motion to Correct the Judgment of Conviction or in the Alternative for Correction of the Sentence. From the files and records it appears that the Court has accepted the filing as a Motion submitted pursuant to 28 USC §2255.

This Court should enter summary judgment in favor of the Defendant because it is clear from the attached Motion and the Exhibits submitted herein that summary judgment is warranted. Furthermore, Defendant Canfield is entitled to summary judgment because there is no genuine issue of material fact and he is entitled to judgment as a matter of law.

II.     **FACTUAL BACKGROUND**

In June 1998, the Defendant, Jonathan Canfield was charged with manufacturing marijuana in Case No. 98-CR-40023. Defendant plead guilty and was sentenced to 1 year of incarceration and 3 years supervised release. He was released from custody in June of 2000.

Prior to the expiration of his supervised release in Case No. 98-CR-40023, the Defendant on or about August 6, 2002 was arrested and charged in West Boylston, Massachusetts for cultivating and distributing marijuana. As a result of these charges brought in the State Court, proceedings were instituted by the U.S. Attorney's Office in Boston, Massachusetts asserting a violation of the conditions of supervised release in Case No. 98-CR-40023. On or about October 9, 2002, the Defendant was sentenced to 18 months in custody for violating his supervised release.

Prior to the expiration of his 18 month sentence for violating supervised release, new federal charges for manufacturing and distributing marijuana were filed in Case No. CR-03-40011 (NMG).

Pursuant to a written plea agreement, the Defendant entered a guilty plea before this Honorable Court on or about September 20, 2003. The Government had recommended a 15 month sentence with 6 years supervised release. The 15 month sentence was to run **concurrently** with the sentence imposed in Case No. 98-CR-40023. (See pg. 4 of Plea Agreement **EXHIBIT "1" ATTACHED**).

On January 23. 2004 the Defendant appeared before this Honorable Court and was sentenced to 18 months incarceration to be served **concurrently** with the term of imprisonment in Case No. 98-CR-40023 with 6 years supervised release. (See pg 15 of January 23, 2004 Sentencing Hearing Transcript **EXHIBIT "2" ATTACHED**).

On March 30, 2004, the Defendant sought from the Bureau of Prisons Staff at Camp Devens in Ayer, Massachusetts a calculation of his good time credits which he believed to have been improperly calculated. His written submission seeking the additional 70 days of good time credits was rejected by the BOP. (See Inmate Request to Staff dated March 30, 2004 and Response dated May 4, 2004, **EXHIBIT "3" ATTACHED**). Defendant Canfield was informed that he was not entitled to good time credits because his sentence was written as **consecutive** in the Judgment of Conviction entered on February 6, 2004.

On June 21, 2004, the Defendant wrote a letter (**EXHIBIT "4" ATTACHED**), to Michael Pelgro, AUSA, asking for his cooperation in entering into a stipulation to correct or amend the Judgment of Conviction which was clearly erroneous in light of the terms of the written plea agreement and the oral pronouncement by the Court as evidenced in the January 23, 2004 hearing transcripts, which stated that the sentence was **concurrent** to the one imposed by the Court in case No. 98-CR-40023.

When no response to the pleadings and letters was forthcoming from the U.S. Attorney's Office, the Defendant filed a Motion to Correct Judgment for Clerical Error or in the Alternative for Correction of Sentence on July 8, 2004.

### III.  PROCEDURAL BACKGROUND

To the extent that the Defendant has submitted a proper Motion pursuant to Fed. R. Crim P. 35(a) or Fed. R. Crim P. 36 he is entitled to the relief that has been requested. In the event that the Court has in fact construed his pleadings as a request for relief under 28 USC §2255 the instant Motion for Summary Judgment is properly brought since such an action is a civil case brought to obtain collateral relief from an incorrect or unconstitutional judgment.

Although, Defendant asserts that the appropriate method of resolving the issue of the correction of the Judgment of Conviction should be accomplished under the Federal Rules of **Criminal** Procedure, the result if the Court acts within the parameters of the Federal Rules of **Civil** Procedure will be the same-Defendant is entitled to the correction as prayed for in the Motions.

### IV.  APPLICABLE LEGAL STANDARDS-Summary Judgment

Summary Judgment may be granted only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there are no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Anderson v. Liberty Lobby, Inc.,** 477 US 242, 247-48 (1986).

To be considered material, a disputed fact must have the potential to "affect the outcome of the suit under the governing law." **Anderson,** 477 US at p. 248. The party moving for summary judgment bear the initial burden of demonstrating that there are no genuine issues of material fact. **Celotex Corp. v. Catrett,** 477 US 317, 323 (1986). This burden "may be discharged by 'showing'--that is, pointing out to the district court-- that there is an absence of evidence to support the non-moving party's case." **Celotex,** 477 US at p. 325. After the moving party makes such a showing, the "burden shifts to the non-moving party...to demonstrate that a trier of fact could find in his favor. **Celotex,** 477 US at p. 322-25. See also, **Rochester Ford Sales Inc., v. Ford Motor Co.,** 287 F3d 32,38 (1st Cir. 2002) citing **Celotex.**

Once the burden has been met, the non-moving party must set forth "...specific facts showing that there is a genuine issue..."or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. See **Matsushita Elec. Ind. Company v. Zenith Radio Corp.,** 475 US 574 (1986).

As will be shown, the Defendant can establish that there is a clear error in the entry of the Judgment of Conviction thereby requiring that a correction or amendment to the Judgment be entered.

There is no legal or factual justification for the Government to oppose the Motion for Summary Judgment. The facts are not in dispute. The Defendant is entitled to the entry of an Order Granting Summary Judgment correcting the Judgment of Conviction to reflect that the sentence imposed in the above en- titled action be served **concurrently** to the one imposed in Case No. 98-Cr-40023.

V.  **LEGAL ARGUMENT**

Rule 36 of the Federal Rules of Criminal Procedure--Clerical Error provides as follows:

> "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

This Court has the authority to correct the Judgment of Conviction so that it conforms to the oral pronouncement it made on the record of January 23, 2004. It is firmly established that an "orally pronounced sentence controls over a judgment and commitment order when the two conflict." **United States v. Blackner**, 901 F2d 853, 855 (10th Cir. 1990).

District Courts have the inherent power to correct "an acknowledged and obvious mistake." **United States v. Cook**, 890 F2d 672, 675 (4th Cir. (1989). The reason for this principle is established in the context of Rule 36's twin, Federal Rule of Civil Procedure 60(a). A Motion under Rule 60(a) is available to correct a judgment "for the purpose of reflecting accurately a decision that the court actually made." **Truskoski v. ESPN, Inc.**, 60 F3d 74, 77 (2d Cir. 1995). To be correctable under Rule 60(a), the alleged error in a judgment must fail to reflect the actual intention of the court. **Wright, Miller and Kane Federal Practice and Procedure §2854 (2d Ed. 1995)**. This definition of a clerical error is equally applicable in the context of Fed. R. Crim. P. 36. See **3 C. Wright, Federal Practice and Procedure §611 (1982)**. Stated in the proper manner as applied to the facts of the instant case, a court acts appropriately under Rule 60(a) when it is necessary to "correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of [the hearing]." **Vaughter v. Eastern Air Lines, Inc.**, 817 F2d 685, 689 (11th Cir. 1987).

Fed. R. Crim. P. 36 was intended to allow for the correction of clerical errors, and not to allow reassessment of the merits of an earlier decision after the time for reconsideration or an appeal has elapsed. **United States v. Ranney,** 298 F3d 74, 81 (1st Cir. 2002). It is not a vehicle for the vindication of the court's unexpressed sentencing expectations or for the correction of legal errors made by the court itself. **United States v. Fahm**, 13 F3d 447, 453 (1st Cir. 1994).

Rule 36 allows the court to correct transcription errors, not errors of law. **United States v. Werber**, 51 F3d 342, 347 (2d Cir. 1995). Rule 36 does not authorize a court to modify a Defendant's sentence in a substantive manner. **United States v. Fraley**, 988 F2d 4, 5-6 (4th Cir. 1993).

It can be clearly discerned from the record of the proceedings before the Court on January 23, 2004, that a mistake was made in the written judgment which did not conform to the oral statement when imposing sentence. All of the facts leading up to the sentencing hearing point to an understanding that the sentence to be imposed **in this case** would be **concurrent** to the one imposed upon the Defendant in Case No. 98-40023.

When interpreting a sentencing order, if the hearing transcript is unambiguous, the court is not required to resort to extrinsic evidence such as the written sentencing order, the defendant's understanding of the sentence or the judge's intent. See **United States v. Vilano**, 816 F2d 1448, 1453 (10th Cir. 1987); **United States v. Khoury**, 901 F2d 975, 977 (11th Cir. 1990); **United States v. Pugliese,** 860 F2d 25, 30 (2d Cir. 1988); **United States v. McAfee,** 832 F2d 944, 945-46 (5th Cir. 1987); **United States v. Becker,** 36 F3d 708, 711 (7th Cir. 1994). As evidenced from the Exhibits submitted with the instant Motion and this Memorandum each of the above factors weighs in favor of the sought after relief.

The original Motion filed by the Defendant did not seek a sentence modification. He sought from the Court a correction of the judgment of conviction which did not conform to the oral pronouncement of the court. See **United States v. Lopez**, 26 F3d 512, 515-16 fn. 5 (5th Cir. 1994).

Further, there is no time limit as to when a district court can invoke Rule 36 to correct a clerical error. **United States v. Hovsepian**, 307 F3d 922, 934 (9th Cir. 2002). In the event that the Court construes the original Motion as one filed pursuant to 28 USC §2255, the U.S. Supreme Court has held that such a Motion to Vacate, Modify or Correct, like a Petition for Writ of Habeas Corpus pursuant to 28 USC §2241, is not a proceeding in the original criminal prosecution, but an independent civil suit. **Heflin v. United States**, 358 US 415 (1959).

Defendant asks this Court to resolve the matter promptly. The original Motion filed pursuant to Fed. R. Crim. P. 36 is now pending 5 months. If the Court, as appears from the docketing of the Motion, construes it as an independent civil action, the accompanying Motion for Summary Judgment is both proper and appropriate.

## VI. CONCLUSION AND RELIEF REQUESTED

The Defendant has presented sufficient documentation to establish that there is no genuine issue of material fact and that he is entitled to relief as a matter of law. There is no reason for the Court to further delay resolution of the pending Motion. Defendant respectfully requests the entry of an Order allowing for the correction of the Judgment of Conviction to conform

to the Court's ruling that the sentence imposed in the instant case was **concurrent** to the sentence imposed in Case No. 98-CR-40023. Further, that the Court grant Defendant's Motion for Summary Judgment as requested in the accompanying Motion. Based upon the facts and legal authority presented in the Memoarndum submitted herewith the Defendant is entitled to the relief requested.

DATED:  DECEMBER 30, 2004                    RESPECTFULLY SUBMITTED,

*Jonathan Canfield*
JONATHAN CANFIELD, PRO SE
80129-038 UNIT I (CAMP)
FEDERAL MEDIACL CENTER DEVENS
P.O. BOX 879
AYER, MA. 01432

### CERTIFICATE OF SERVICE

I, JONATHAN CANFILED, hereby certify that on the 30th day of December, 2004, I placed a copy of the Defendant's Motion for Summary Judgment and Memorandum in Support in the mail box at the Federal Medical Center at Camp Devens in Ayer, Massachusetts, in an envelope sent first-class mail with postage pre-paid and addressed to:

| | | |
|---|---|---|
| HON. NATHANIEL M. GORTON | MICHAEL PELGRO | GOULD & ETTENBURG, P.C. |
| UNITED STATES DISTRICT JUDGE | ASST. U.S. ATTORNEY | ATTORNEYS AT LAW |
| 595 MAIN STREET | 1 COURTHOUSE WAY | 370 MAIN STREET |
| WORCESTER, MA. 01608-2076 | SUITE 9200 | WORCESTER, MA. 01608 |
| ATTN: CLERK OF THE COURT | BOSTON, MA. 02210 | ATTN: PETER L. ETTENBURG |

RESPECTFULLY SUBMITTED,

*Jonathan Canfield*
JONATHAN CANFIELD, PRO SE
80129-038 UNIT I (CAMP)
FEDERAL MEDICAL CENTER, DEVENS
P.O. BOX 879
AYER, MA. 01432

-9-

**Guideline Sentencing Range**

Based on the above calculations, the parties agree to take the position that the applicable Guideline Sentencing Range ("GSR") is 15-21 months' imprisonment.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) 15 months' imprisonment, concurrent with the sentence that Canfield is currently serving;

(b) A fine at the low end of the applicable fine range unless the Court finds, pursuant U.S.S.G. § 5E1.2(e), that Canfield is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c) A term of supervised release of at least 6 years;

(d) Forfeiture as set forth in paragraph 8; and

(e) A mandatory special assessment of $200.

The U.S. Attorney reserves the right to modify its sentence recommendation in the event that the Court determines that the applicable GSR is higher than 15-21 months' imprisonment.

The U.S. Attorney and Canfield agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Canfield will seek a departure on any ground from the Sentencing Guidelines. The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should Canfield's prior federal drug conviction be vacated subsequent to the execution of this Agreement.

In the event of an appeal from, or collateral challenge to, Canfield's sentence, the U.S. Attorney reserves his right to argue the correctness of Canfield's sentence and the manner in which the District Court determines it.

**\*\*\* EXHIBIT "1" \*\*\***

```
                                                                    1

                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS



     UNITED STATES OF AMERICA    )
                                 )
                                 )
     vs.                         )    CR NO. 03-40011
                                 )
                                 )
     JONATHAN CANFIELD           )



     BEFORE:  The Honorable Nathaniel M. Gorton


                          DISPOSITION

     APPEARANCES:

        OFFICE OF THE UNITED STATES ATTORNEY (By Michael
        Pelgro, AUSA), One Courthouse Way, Boston,
        Massachusetts 02210.  On behalf of the Government.

        GOULD & ETTENBERG, P.C. (By Peter L. Ettenberg, Esq.),
        370 Main Street, Worcester, Massachusetts 01608.  On
        behalf of the Defendant.


                                 United States District Court
                                 Courtroom No. 2
                                 595 Main Street
                                 Worcester, MA 01608
                                 Friday, January 23, 2004
                                 3:20 P.M.


                         Cheryl Dahlstrom
                      Official Court Reporter
                    United States District Court
                     595 Main Street, Room 514
                      Worcester, MA 01608-2076
               Mechanical Steno - Transcript by Computer
```

*** EXHIBIT "2" ***

services for that treatment based upon your ability to pay or availability of third-party payment.

And, fourth, you are not to consume any alcoholic beverages.

It is further ordered that you shall pay to the United States a special assessment of $200, which shall be due and payable immediately.

Mr. Canfield, I understand that in the plea agreement you have waived your right to appeal. But if there is any remaining right to appeal -- and there may be -- you have a right to file such an appeal; and if you choose to do so, you must do so within ten days. If you cannot afford an attorney, an attorney will be appointed on your behalf. Do you understand that?

MR. CANFIELD: I do.

THE COURT: Is there any further business then to come before the Court in these proceedings? Mr. Pelgro?

MR. PELGRO: No, your Honor. Thank you.

THE COURT: Mr. Ettenberg?

MR. ETTENBERG: No, Judge.

THE COURT: Then we are adjourned. Thank you.

MR. CANFIELD: Thank you, sir.

THE CLERK: The defendant is remanded to the custody of the United States Marshal.

(Whereupon, at 3:42 p.m. the hearing concluded.)

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                              FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) I.S.M. | DATE: MARCH 30, 2004 |
|---|---|
| FROM: JONATHAN CANFIELD | REGISTER NO.: 80129-038 |
| WORK ASSIGNMENT: ADMIN. ORDERLY | UNIT: CAMP |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

TO I.S.M. DEPARTMENT:

ON OCTOBER 9, 2002 I was sentenced to 18 months incarceration in Case # 4-98CR-401123-001, which was served at F.M.C.Devens. Before my release date I was sentenced in a second case (new charge) on January 23, 2004 to an additional 18 months in Case # 4-03CR-40111-01, to serve an additional 18 months to run concurrent from January 23, 2004 with the first sentence.

During my first team meeting at Camp Devens it was brought to my attention that the good time credits based on my initial 15+months served on the original sentence has not been calculated toward my ultimate release date. I am requesting that the approximate 60+ days from the sentence imposed in the first case recited above be added to my total good time. Please provide me with a written statement or a Computation Data Sheet reflecting those credits and my release date.

JOHN CANFIELD                (Do not write below this line)

DISPOSITION: Read the now committed portion of your imprisonment section of your Judgement carefully. The only things running concurrent to each other are the specific counts. (specifically 1&2) Then it goes on to say consecutively (after) any term of imprisonment imposed in case #98-CR-40003.

Signature Staff Member                               Date
[signature] Lisa Alpano                              5/4/04

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

*** EXHIBIT "3" ***

June 21, 2004

Michael Pelgro
Asst. U.S. Attorney
District of Massachusetts
One Courthouse Way
Suite 9200
Boston, MA. 02210

RE:   USA v. Jonathan Canfield
      Criminal File # 03-40011

Dear Mr. Pelgro:

I am writing this letter in reference to the above noted case. I have recently purchased a copy of the transcript of the proceedings which took place on January 23, 2004 at which time the Hon. Judge Nathaniel M. Gorton sentenced me in connection with prior plea agreement that had been reached regarding this case.

I am enclosing a copy of the entire transcript for your records. I am asking that you examine page 13 of the transcript where Judge Gorton sentenced me to 18 months imprisonment on each count to be served **concurrently** with each other and with the term of imprisonment **imposed** in Case No. 98-40023.

After you have examined the transcript you will turn to the Judgment of Conviction which states that the sentence is **consecutive** to the sentence imposed in case No. 98-40023. This error has resulted in the BOP refusing to provide me with appropriate good time credits which will delay my release by approximately 70 days.

After you have had the opportunity to review these documents I believe that you will concur in the position that I am taking, that is there should be a corrected or Amended Judgment of Conviction entered to take care of this apparent clerical error. I would like to accomplish this without the need for filing a Motion with the Court. I would like to enter into some type of stipulation to have this matter resolved as soon as possible.

Please notify me in writing if this is acceptable to your offices. Thank you for your immediate attention to this request.

Sincerely,


JONATHAN CANFIELD
80129-038 UNIT I (CAMP)
FEDERAL MEDICAL CENTER, DEVENS
P.O. BOX 879
AYER, MA. 01432                    *** EXHIBIT "4" ***

Encl.  Copy of Transcript 1/23/04

cc:    Peter L. Ettenberg, Esq.